**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-19-01945-001-TUC-DCB (BGM) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Marcelo Mendoza-Andrade, | |
| Defendant. | |

The Court does not adopt the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court. The Court grants Defendant's Motion to Dismiss the Indictment. Defendant is indicted for illegal reentry after having been denied admission, excluded, deported, and removed from the United States. He collaterally attacks the underlying deportation order under 8 U.S.C. § 1326(d), which provides:

> In a criminal proceeding [for illegal reentry after deportation], an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). The Magistrate Judge correctly identified the issue here as a question of fundamental fairness.

## STANDARD OF REVIEW

On December 20, 2019, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation to deny the Motion to Dismiss the Indictment. (R&R (Doc. 33)). The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). The Defendant has objected to the R&R. The Court makes a de novo review of the Magistrate Judge's conclusions that there was no due process violation and no prejudice.

## MAGISTRATE JUDGE'S RECOMMENDATION

Magistrate Judge Bruce G. Macdonald found there was no due process violation in the underlying deportation proceeding, even though the Immigration Judge (IJ) did not inform Mendoza-Andrade of his apparent eligibility for relief because in the Fifth Circuit, where Defendant was removed, there is no such due process requirement. The Defendant was apparently eligible for voluntary removal, but instead of advising him of this relief, the IJ asked if he had funds immediately available to pay passage to Mexico. When the Defendant said, "no," the IJ concluded there was no relief available, set the case for a hearing on the merits, and the Defendant was, subsequently, deported.

In the Ninth Circuit, criminal prosecution may not be based on a deportation proceeding where the defendant is not advised of apparent eligibility for relief. In making this due process inquiry, this Court is not concerned with whether the Constitution mandates relief for Mendoza-Andrade from the deportation order. The Court concerns itself with Defendant's due process rights in the context of his prosecution in the Ninth Circuit because "'criminal defendants have a liberty interest in avoiding imprisonment based on a fundamentally unfair deportation proceeding.'" *United States v. Ordonez,* 328

F. Supp. 3d 479, 495 (Md. 2018) (quoting *United States v. Wilson,* 316 F.3d 506, 515 (4th Cir. 2003)). In the Ninth Circuit, the Defendant has a right to not be prosecuted based on a deportation/removal proceeding that was fundamentally unfair because the IJ failed to advise a defendant of his apparent eligibility for relief. *See e.g., United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001) (failure to advise creates a fundamentally unfair deportation proceeding that invalidates the underlying deportation proceeding for collateral review purposes under 8 U.S.C. 1326(d) (citing *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)); *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1262 (9th Cir. 2013) (IJ's failure to inform an alien of his apparent eligibility for voluntary departure can serve as the basis for a collateral attack on the underlying removal order under § 1326(d)); *United States v. Ubaldo-Figueroa,* 364 F.3d 1042, 1050 (9th Cir. 2004) (same).

To satisfy the requirement that the removal order was fundamentally unfair, the Defendant bears the burden of establishing both that the deportation proceeding violated his due process rights and that the violation caused prejudice. *United States v. Raya-Vaca,* 771 F.3d 1195, 1201-02 (9th Cir. 2014); *United States v. Leon-Leon,* 35 F.3d 1428, 1431 (9th Cir. 1994). Having found a due process violation, the Court must consider the Magistrate Judge's finding that there was no prejudice resulting from the IJ's failure to advise the Defendant of his apparent eligibility for relief by way of voluntary removal. If an IJ fails to advise a Defendant of his apparent eligibility for voluntary departure, there is prejudice only if it is plausible that the IJ would have granted voluntary departure relief. *United States v Valdez-Novoa,* 780 F.3d 906, 914 (9th Cir. 2015). Establishing plausibility requires more than establishing a mere possibility. *Id.* The Magistrate Judge reasoned that voluntary removal, which requires the removal to be at the alien's own expense, was not plausible because the Defendant told the IJ that he did not have funds immediately available to pay for his removal to Mexico.

The Defendant objects to the Magistrate Judge's finding of implausibility because the ability to establish the financial means to depart is one of the more stringent factors

- 3 -

necessary for granting permission for post-conclusion voluntary departure. Proof of financial means to pay for departure is not a required factor for granting permission for pre-conclusion voluntary departure. The Defendant was appearing at his master calendar hearing before the IJ and, therefore, was eligible for pre-conclusion voluntary departure, if he could establish: (1) waiver or withdrawal of all other requests for relief (i.e. asylum); (2) concession that he is removable; (3) waiver of appeal on all issues; and (4) no conviction for an aggravated felony or a terrorism-related charge. *United States v. Andino-Matamoros,* 365 F.Supp.3d 1109, 1114 (Nevada 2019) (citing *In re Arguelles-Campos*, 22 I. & N. Dec. 811, 815 (June 7, 1999)); 8 C.F.R. § 1240.26(b)(1)(i). The alien is also required to present a passport or other travel document "sufficient to ensure lawful entry into the county to which the alien is departing" unless a travel document is not necessary for that country or it is already in the government's possession. 8 C.F.R. § 1240.26(b)(3)(i). "Moreover, there is no requirement that the alien show that he has the financial means to depart at the master calendar hearing, but the alien will ultimately be responsible for securing and paying for transportation back to his country of origin." *Id.* (citing *In re Arguelles-Campos*, 22 I. & N. Dec. at 817); 8 U.S.C. § 1229c(a)(1). The IJ's permission to depart voluntarily "shall not be valid for a period exceeding 120 days," 8 U.S.C. § 1229c(a)(2)(A), and the IJ may set a bond to ensure the alien has departed the United States, *id.* at (a)(3).

The more stringent requirements to qualify for post-conclusion voluntary departure, include: "an alien must demonstrate that[] (1) he has been physically present in the United States for at least one year preceding the date he was served with the [Notice to Appear]; (2) he has been a person of good moral character for at least five years preceding the application for voluntary departure; (3) he has not been convicted of an aggravated felony or terrorism-related offense; and (4) he has the financial means to depart the United States and intends to do so." *Andino-Matamoros,* 365 F.Supp.3d at 1114 (citing *In re Arguelles-Campos*, 22 I. & N. Dec. at 817). The fourth requirement must be satisfied with clear and convincing evidence. *Id.* The IJ may set a bond for a post-conclusion voluntary departure,

8 U.S.C. § 1229c(b)(3), and permission for post-conclusion voluntary departure is only valid for a period not exceeding 60 days, *id.* at (b)(2).

"Regardless of which type of voluntary departure the alien seeks, whether to grant a request for voluntary departure rests within the sound discretion of the immigration judge." *Andino-Matamoros,* 365 F.Supp.3d at 1114 (citing *In re Arguelles-Campos*, 22 I. & N. Dec. at 817). In exercising discretion on a voluntary departure application, the IJ should take both favorable and unfavorable factors into account. *Id*. (citing *In re Matter of Gamboa*, 14 I. & N. Dec. 244, 248 (BIA 1972)). Factors favoring permission for voluntary removal include long residence and close family ties in the United States, and humanitarian needs. *Id.* (citing *In re Arguelles-Campos*, 22 I. & N. Dec. 811, 817 (BIA 1999)). Unfavorable factors, cutting against permission for a voluntary departure, include "the nature and underlying circumstances of the deportation ground at issue, additional violations of the immigration laws, the existence, seriousness, and recency of any criminal record, and any other evidence of bad character or the undesirability of the applicant as a permanent residence. *Id.*

These discretionary factors should have formed the Magistrate Judge's prejudice analysis as to whether it is plausible that the IJ would have granted voluntary departure relief. "Mr Mendoza-Andrade had lived in the U.S. for well over a decade. He [] attended high school here, worked in construction here, and has a family here. Additionally, Mr. Mendoza-Andrade's partner is a U.S. citizen, and he has four children who are also U.S. citizens. Mr. Mendoza-Andrade's criminal history at the time of the master calendar hearing consisted of two misdemeanors and one felony with only a two-day custodial sentence." (Motion to Dismiss (Doc. 16) at 12.) As the Defendant's motion brief reflects, aliens in similar situations, even with far more serious criminal records, have been granted permission to voluntarily depart. *Id.* at 10-13.) The Court finds that if the IJ had weighed the competing equities, it is plausible the IJ would have granted Defendant voluntary departure relief.

The Defendant was appearing at the master calendar hearing and was statutorily

eligible for pre-conclusion voluntary departure because he was not deportable on an aggravated felony or terrorism grounds. The equities favored granting voluntary departure relief, therefore, there was more than a mere possibility that the IJ would have given the Defendant permission for voluntary departure. The Court finds that the Defendant was prejudiced by the due process violation by the IJ's failure to inform him of apparent eligibility for relief.

The IJ's failure to inform the Defendant of potential relief excuses him from demonstrating that he has exhausted all administrative remedies, *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013); U*baldo-Figueroa*, 364 F.3d at 1049-50, and deprived him of an opportunity for judicial review, *Vidal-Mendoza,* 705 F.3d at 1015; *United States v. Arietta,* 224 F.3d 1076, 1079 (9th Cir. 2000); *United States v. Pallares-Galan,* 359 F.3d 1088, 1096 (9th Cir. 2004). (R&R (Doc. 33) at 4 (noting the Government does not contest this). Therefore, pursuant to 8 U.S.C. § 1326(d), the Defendant prevails on his collateral attack of the underlying deportation order.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation (Doc. 33) is rejected.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Indictment (Doc. 16) is GRANTED.

Dated this 5th day of March, 2020.

_____
Honorable David C. Bury
United States District Judge